[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 16, 2011
JOHN LEY
CLERK

No. 10-13851
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00144-WSD-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PEDRO CAMACHO-REYES,
a.k.a. Yonatan Camacho-Ramirez,
a.k.a. Yonathon Camacho-Ramirez,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 16, 2011)

Before EDMONDSON, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Pedro Camacho-Reyes appeals his 33-month sentence for illegally

reentering the United States after having been deported, 8 U.S.C. § 1326(a) and (b)(1). No reversible error has been shown; we affirm.

The record shows that Camacho-Reyes was deported four times before -- once in 2000, twice in 2006, and once in 2007. He has six previous convictions, including two for possession of methamphetamine and one for possession of a firearm without a license. Based on his criminal history and offense level, his advisory sentencing guidelines range was 15 to 21 months' imprisonment. On appeal, Camacho-Reyes argues that his sentence procedurally is unreasonable because the district court applied an upward departure based on his criminal history, but failed to follow the procedures set forth in U.S.S.G. § 4A1.3.[*]

We review the reasonableness of a district court's sentence under a deferential abuse of discretion standard of review. Gall v. United States, 128 S.Ct. 586, 591 (2007). The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the 18 U.S.C. § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). In determining whether an above-guidelines sentence was the result of

---

[*]Although Camacho-Reyes asserts -- in his initial statement of the issues -- that his sentence substantively is unreasonable, he does not address this argument in the body of his brief. As a result, this issue is abandoned, and we will not address it on appeal. See United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (concluding that, to raise an issue on appeal, a party must, "[a]t the very least, . . . devote a discrete, substantial portion of his argumentation to that issue.").

an upward departure under the guidelines, or a variance under the section 3553(a) factors, we consider whether the district court cited to a specific guidelines departure provision or concluded that the advisory guidelines range was inadequate in the light of the section 3553(a) factors. United States v. Kapordelis, 569 F.3d 1291, 1316 (11th Cir. 2009), cert. denied, 130 S.Ct. 1315 (2010).

In sentencing Camacho-Reyes to an above-guidelines sentence of 33 months' imprisonment, the district court stated explicitly that it was applying an upward variance and did not cite to a guidelines departure provision. It stated that it had considered all of the factors in section 3553(a) and focused specifically on the need to promote respect for the law, to afford adequate deterrence, and to protect the public from Camacho-Reyes's criminal conduct. The court then concluded that the advisory guidelines range did not account adequately for Camacho-Reyes's "systematic and repeated" violation of our immigration laws, criminal history, and threat to the community.

Based on the district court's language and analysis, we conclude that Camacho-Reyes's above-guidelines sentence was the result of an upward variance, not an upward departure. As a result, the procedures set forth in U.S.S.G. § 4A1.3 were not applicable; and Camacho-Reyes failed to demonstrate that his sentence is

procedurally unreasonable.

AFFIRMED.